UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NSS TECHNOLOGIES, INC., a Michigan
corporation,

       Plaintiff,

v.

LARRY BROKAW, an individual, and
SAEGERTOWN MANUFACTURING
CORPORATION, a Pennsylvania corporation,

       Defendants.

                                                    /

Case No. 2:06-cv-15128

Hon. Robert H. Cleland

## PROTECTIVE ORDER

The court, having reviewed Plaintiff's Ex Parte Motion for Protective Order, pursuant to Fed. R. Civ. P. 26(c), finding good cause and being otherwise advised in the premises;

IT IS HEREBY ORDERED that this Protective Order pursuant to Fed. R. Civ. P. 26(c) be entered as follows:

1.     The term "Confidential Material" means any document, information or other material, which (a) is produced in the course of this action by a party, a non-party possessing a party's confidential information, or a non-party governed by this Order, and (b) is designated as "CONFIDENTIAL" under this Order, whether contained in or constituting documents, things, materials, testimony, audio or video recordings, computer disks or data stored in other electronic storage media or devices, or any copy,

duplication, extract or summary of any document, information or other materials so designated.

2. Confidential Material shall not be used by any of the parties to this action or by any other person or entity given access thereto in accordance with this Order, except solely for the purpose of prosecuting or defending this action, including any appeals. Confidential Material shall not be used for any business, commercial or other purpose whatsoever.

3. If, in the course of this action, a disclosing party discloses information that the disclosing party in good faith contends is "CONFIDENTIAL," that disclosing party may designate such information as such by affixing the label "CONFIDENTIAL" to the information. If any Confidential Material cannot be labeled, it shall be placed in a sealed envelope or other container that is in turn marked "CONFIDENTIAL," or else designated as "CONFIDENTIAL" in a manner agreed upon by the disclosing and requesting parties.

4. Confidential Material disclosed at a deposition shall be designated by a party or by the producing party or entity as Confidential Material by indicating on the record at the deposition, or by informing the parties in writing within seven (7) days of receipt of the relevant transcript excerpt and/or exhibit, or seven (7) days after entry of this Order, whichever date is later, that the document or information is Confidential Material and subject to the provisions of this Order. The parties shall treat each deposition transcript as Confidential Material until the period for designation of such transcript as Confidential Material has expired, after which time the parties shall honor

all designations of Confidential Material in such transcript unless the court orders otherwise.  The parties shall exclude from attendance at a deposition, hearing or other proceeding, during such time as Confidential Material may be disclosed, any person or entity not entitled to receive such information.

5.   When a party or other person or entity produces documents or information of that party or other person or entity for inspection in this action, no marking need be made by the party or entity in advance of the inspection.  Upon selection of specified documents or information for copying by a party, the party or other person or entity producing Confidential Material of that party or other person or entity shall mark the copies thereof that contain Confidential Material at the time the copies are produced.  The parties shall treat as "CONFIDENTIAL" all documents produced for inspection until the copies are produced, after which time the parties shall honor all designations of Confidential Material unless the court orders otherwise.

6.   A party to this Order will be given an opportunity to review all documents produced by other parties or non-parties that the party, in good faith, believes may contain its confidential information.  The party, within seven (7) days of receiving such documents from the producing non-party, shall designate as Confidential Material the documents that it claims contain its confidential information, and such documents shall be treated in accordance to the terms of this Order.  The parties shall treat as Confidential Material all documents produced by another party or non-party until such seven (7) day period has expired without any designation.  Failure to review and

designate the documents in question within seven (7) days of receipt from the producing party or non-party shall constitute the party's consent that the documents do not contain Confidential Material. For the purposes of this Order, a party to this action or non-party that designates material as Confidential Material under the provisions of this paragraph or otherwise pursuant to this Order shall be considered a "designating party" with respect to the material designated.

7.  If a party to this Order inadvertently fails to designate information as "CONFIDENTIAL" such failure shall not constitute a waiver of the disclosing party's right to so designate such information. In the event that such an inadvertent failure to designate occurs, the disclosing party shall upon discovery of the inadvertent failure promptly notify in writing all parties known to have received the information in question, and provide them with appropriately marked substitute copies of the affected information. Until the receiving party receives such notification, any disclosure made by that party of the information to those not permitted by this Order to have access to the information shall not constitute a violation of this Order.

8.  Except with the prior written consent of each designating party, or pursuant to further Order of this court entered after reasonable written notice and opportunity to each designating party to file objections thereto, Confidential Material shall not be shown, described or otherwise revealed to any person or entity other than the following:

    (a)    In-house or outside counsel for the parties and their agents.

(b) Independent consulting experts and testifying experts and their employees with the need to know who have been engaged by outside counsel for a party in this action for the purpose of assisting in this action.

(c) Deponents and trial witnesses;

(d) Deposition court reporters and videographers;

(e) The court, including judicial employees and all other necessary personnel, such as court reporters;

(f) Current officers, directors or employees of the designating party, only if it appears from the face of the document or from other proof that the individual had access either to the material or to all the information the document contains at the time of his or her association or employment with the designating party.

Confidential Material shall not be shown, described or otherwise revealed to any party, affiliate of a party, competitor of a party or affiliate of such competitor, or an officer, director, employee or agent of a party, competitor of a party or affiliate of a party or competitor of a party, except as specifically identified in this paragraph.

9. In the event that any party to this litigation disagrees with the propriety of a "CONFIDENTIAL" designation of any document, information or other material, such party shall give each designating party written notice of its disagreement not later than thirty (30) days after receiving the material in question. The interested parties or entities

shall first try to resolve such a dispute in good faith.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the court.  The burden of proving that material has been improperly designated as Confidential Material is on each challenging party.

10.     Nothing in this Order shall prohibit a designating party or entity from disclosing or using its own Confidential Material and no such disclosure or usage shall affect the confidentiality of such Confidential Material.  Any party or other person or entity to which Confidential Material is disclosed shall be bound by the provisions of this Order with respect thereto.  All Confidential Material shall be stored in a secure place.

11.     All Confidential Material that is filed with the court or any appellate court, and any pleadings, motions or other papers filed with the court or any appellate court disclosing any Confidential Material, shall be filed under seal in a sealed envelope marked on the outside with the title of the action and a statement substantially in the following form:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

This envelope contains Confidential Material that is subject
to a Protective Order entered by the court in this action
governing use of confidential discovery material.

All such Confidential Material so filed shall be maintained by the Clerk of the Court separate from the public records in this action, and shall be released to persons or entities other than attorneys for the parties and court personnel only upon written agreement of each designating party or upon further order of the court entered after

reasonable written notice and opportunity to each designating party to file objections thereto.

12. Nothing in the Protective Order shall prevent a party from using any Confidential Material during a hearing or at trial, subject to the procedures established by this court.

13. Any person or entity who receives Confidential Material under the terms of this Order, properly or improperly, shall use such information only for purposes of this action and for no other purpose and shall not make any copies, duplications, extracts or summaries thereof or otherwise disclose such information to any person or entity, except in conformance with this Order.

14. Within sixty (60) days of conclusion of this case (including without limitation any appeals), all Confidential Material shall be destroyed or returned to counsel for each designating party. The destruction or return of Confidential Material under this paragraph shall include, without limitation, all copies, duplications, extracts, and summaries thereof, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the court, each deposition transcript together with exhibits marked at the deposition, one copy of each piece of correspondence, and documents constituting attorney work product which were internally generated based upon or which include Confidential Material. The parties shall certify in writing filed with the court that all Confidential Material required to be destroyed or returned has been so destroyed or returned within fourteen (14) days of receipt of a written request for such certification by the producing party or entity.

15. If a party in possession of Confidential Material receives a subpoena or

other request seeking production or other disclosure of the Confidential Material, he, she or it shall immediately give written notice to counsel for each designating party, stating the Confidential Material sought and the time production or other disclosure is required.  In no event should production or disclosure be made without either (i) written approval by counsel for each designating party, or (ii) further order by any court of competent jurisdiction entered after each designating party has had reasonable written notice and opportunity to file objections thereto.  The party receiving such subpoena or request shall provide reasonable cooperation to the designating party objecting to the subpoena or request.

16. The provisions of this Order shall also apply to documents or other materials produced by an entity that is not a party to this action.

17. All parties and attorneys of record in this action, and all other persons and entities possessing or granted access to Confidential Material under this Order shall be bound by this Order.  The court may impose sanctions on any person or entity possessing or granted access to Confidential Material under this Order who discloses or uses the Confidential Material for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order.

IT IS SO ORDERED.

  s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  November 20, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 20, 2006, by electronic and/or ordinary mail.

                    <u> s/Lisa Wagner                     </u>
                    Case Manager and Deputy Clerk
                    (313) 234-5522